ALL RIGHTS RESERVED

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

2011 OCT 11  PM 2:23

TOM LAWLER, CLERK

| | | |
|---|---|---|
| CHRISTIANNIE NELSON, | ) | CIVIL ACTION NO. |
| GREGORY NEAU | ) | |
| Plaintiff, | ) | IN PROPRIA PERSONA |
| v. | ) | ALL RIGHTS RESERVED |
| | ) | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | ) | |
| Defendant | ) | 11A 10743  2 |

---

2818 Calumet Farm Lane, Snellville, GA 30039

### PETITION TO SET ASIDE FORCLOSURE AND VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

COMES NOW Plaintiff, CHRISTIANNIE NELSON and GREGORY NEAU, proceeding in *propria persona*, without waiving any rights statutory or procedural, and files this PETITION TO SET ASIDE FORCLOSURE AND VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION pursuant to Uniform Superior Court Rules 6.7, and O.C.G.A. §9-11-65(b) against the listed Defendants. Plaintiff moves for an evidentiary hearing and for leave to take the discovery specified herein pursuant to O.C.G.A. Section 9-11-30, 9-11-31. Plaintiff asks the Court to take judicial notice of the fact that she appears without counsel, is not schooled in the law and legal procedures, and is not licensed to practice law. Parties appearing pro se are

ALL RIGHTS RESERVED

allowed greater latitude with respect to reasonableness of their legal theories (Patterson V. Aiker, 111 F.R.D. 354, 358 [N.D. GA 1986]).Therefore her pleadings must be read and construed liberally. See Haines v. Kerner, 404 US at 520 (1980); Birl v. Estelle, 660 F.2d 592 (1981). Further Plaintiff believes that this court has a responsibility and legal duty to protect any and all of the Plaintiff's constitutional and statutory rights. See United States v. Lee, 106 US 196,220 [1882]. Plaintiff herein shows the Honorable Court the following:

## PARTIES TO THE ACTION

1.

GREGORY NEAU at all times relevant has maintained possession of the property located at 2818 Calumet Farm Lane, Snellville, GA 30039.

2.

Defendant BANK OF AMERICA, N.A. is a National Banking Corporation, Mortgage Lender and Servicer doing business as a foreign corporation in the State of Georgia.

3.

BANK OF AMERICA, N.A. was served with Petition, through the registered agent as verified with the Georgia Secretary of State at CT CORPORATION SYSTEM, 1201 Peachtree ST. NE, ATLANTA GA 30361.

ALL RIGHTS RESERVED

## BACKGROUND AND STATEMENT OF FACTS

4.

Plaintiff CHRISTIANNIE NELSON allegedly executed a Security Deed for the property located at 2818 Calumet Farm Lane, Snellville, GA 30039 in favor of Bank of America on February 24, 2006 in the amount of $228,000.00 US Dollars.

5.

Said deed was duly recorded as: Deed Book 46226, Page 471-481, Gwinnett County Georgia Records, which said plat is incorporated herein by reference and made a part hereof.

6.

The loan number associated with the above referenced Security Deed is **127309799**.

7.

At all times since recordation of Plaintiff's Deed, to the best of Plaintiff's knowledge and belief, the loan had continually been with America's Wholesale Lender, Loan Number: 127309799, and Plaintiff's contact information has remained the same.

8.

A corporate assignment was recorded on June 24, 2009 in Deed Book

ALL RIGHTS RESERVED

46226 at Page 0471 from Mortgage Electronic Registration System, Inc. to BAC Home Loans Servicing, LP with a signature of a witness that is indiscernible. See Exhibit "A".

## MERS ASSIGNMENT FRAUDULENT CONVEYANCE OF INTEREST
### 9.

Plaintiff's chain of successive interest is faulty at it onset with the MERS assignment. Numerous courts have already ruled that MERS cannot transfer an interest that it does not possess. Federal Bankruptcy Courts have ruled that MERS does not possess the standing to transfer an interest that would allow a transferee to conduct a non-judicial foreclosure sale.

### 10.

The Boyko Decision was a landmark decision in which Federal District Judge Christopher Boyko of the Eastern Division of the Northern District of Ohio Federal Court overturned 14 foreclosure actions based on failure of the foreclosing party to prove standing (Case 1:07-cv-02282-CAB). Landmark National Bank v Kesler: Kansas State Supreme Court decision in which MERS was found to have no standing to foreclose and  is a "straw man" (Case No. 98,489);   JP Morgan Chase v New Millenial et. al.: Florida Appellate decision on the chaos which ensues due to a failure to register

ALL RIGHTS RESERVED

changes of ownership at the county recorder's office that profits lenders at the expense of borrowers (Case Fla.App. 2 DNo. 2D07-5937); In Re: Walker, Eastern District of CA Bankruptcy court decision that found MERS has no legal or actionable interest in title (Case No.10-21656-E-11); Mortgage Electronic Registration Systems, Inc. v. Saunders: Supreme Judicial Court of Maine decision that that MERS is not in fact a mortgagee therefore had no standing to institute foreclosure proceedings (Case 2010 ME 79 Docket: Cum-09-640).See Carpenter v. Longan, 83 U.S. at 274 (finding that an assignment of the mortgage without the note is a nullity); Landmark Nat'l Bank v. Kesler, 216 P.3d 158, 166-67 (Kan. 2009) ("[I]n the event that a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable")."

11.

MERSCORP, Inc., foreign corporation created in or about 1998 by conspirators from the largest banks in the United States in order to undermine and eventually exenterate long-standing principles of real property law, such as the requirement that any person or entity who seeks to foreclose upon a parcel of real property: (1) be in possession of the original note and mortgage; and (2) possess a written assignment giving he, she or it actual rights to the

ALL RIGHTS RESERVED

payments due from the borrower pursuant to the mortgage and note. MERSCORP, Inc. claims to be the sole shareholder in an entity by the name of Mortgage Electronic Registrations Systems, Inc. ("MERS").

12.

All parties participating in the MERS system (primarily mortgage bankers) agree to recognize as the owner of a note and mortgage that party shown on the MERS register. Although, originally, MERS functioned without recording and without taking possession of the note, more recently MERS has both recorded itself as the record owner of the mortgage at the time of the original loan funding, or shortly thereafter, and has also begun to take possession of a note endorsed in blank. MERS is Mortgage Electronic Registration Systems, Inc.; (2) MERS is a separate corporation that is acting solely as a nominee for Lender and Lender"s successors and assigns; (3) MERS is the mortgagee under this security instrument; (4) MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

13.

Defendant in this action has represented that they are in possession of the original note but have not proved such yet are attempting to foreclose

ALL RIGHTS RESERVED

under the authority of a fraudulent assignment. Defendant has not proffered

an AFFIDAVIT asserting possession of the note or produced the original note.

While Georgia law does not require the title to be an issue in a dispossessory

proceeding, the law does not allow for FRAUD UPON THE COURT which is

what the plaintiff is attempting in this matter by seeking possession of real

property through a chain of assignment originating with MERS. MERS has no

authority to transfer any interest that could be used by a subsequent transferee

to grant legal standing to commence a non-judicial foreclosure.

## GROUNDS FOR SETTING ASIDE FORCLOSURE

14.

Coats v. Jones, 142 Ga. 237 (1914) (sheriff's sale); Plainville Brick Co.

v. Williams, 170 Ga. 75 (1930) (sale under power) A foreclosure sale, whether

made under judicial process or under a power of sale, will not be allowed to

stand where the requirements of the law or of the mortgage itself have not

been obeyed, and such noncompliance resulted in injury to the mortgagor or

those claiming under him. Such a sale should be set aside where:

-the indebtedness is not justly due;

-the mortgagor is not actually in default;

-the sale was not properly advertised;

-the sale was not conducted in the manner required by law;

ALL RIGHTS RESERVED

-the mandatory procedural requirements are not met;

-the bidding has been chilled through no fault of the mortgagor by

 pending litigation;

-the bidding has been chilled through no fault of the mortgagor by acts of

 the mortgagee;

-the price bid is grossly inadequate.

### Such a sale will not be set aside for:

-mere irregularities;

-waiver of default;

-other matters not chargeable to a bona fide purchaser;

### **BURDEN OF PROOF**

15.

All Fleet Refinishing, Inc. v. West Georgia Nat. Bank, 280 Ga. App.

676 (2006) To sustain a claim of wrongful foreclosure under Georgia law a

debtor must show:

(1) The lender owed a duty to the debtor;

(2) This duty was breached;

(3) The breach caused harm; and

(4) Damages were incurred as a result of the breach.

ALL RIGHTS RESERVED

## THE LENDER OWED A DUTY TO THE DEBTOR

16.

1.)   Mandatory procedural requirements not met.

Defendant has a duty to notify Plaintiff of anticipated foreclosure. This notice can only be given by a secured party creditor who is in possession of the original promissory note.   BANK OF AMERICA, N.A. IS NOT THE SECURED PARTY CREDITOR. Notice requirements of O.C.G.A. § 44-14-162 were changed from 15 days to 30 days May 13, 2008 When Governor Perdue signed into law Senate Bill 531.

> *OCGA § 44-14-162.2. Sales Made On Foreclosure Under Power Of Sale — Mailing Of Notice To Debtor — Procedure For Mailing Notice. (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.*
>
> *(b) The notice required by subsection (a) of this Code section shall be given by mailing or delivering to the debtor a copy of the notice of sale*

PETITION TO SET ASIDE FORCLOSURE AND VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Page 9 of  24

ALL RIGHTS RESERVED

*to be submitted to the publisher.*
*History. Amended by 2008 Ga. Laws 576, OCGA § 2, eff. 5/13/2008.*
*Amended by 2001 Ga. Laws 370, OCGA § 6, eff. 7/1/2001*


17.

O.C.G.A. 44-14-162.2 communicates in very simple terms that ONLY THE OR "A" SECURED CREDITOR HAS A RIGHT to conduct a non-judicial foreclosure sale in the state of Georgia. Additionally, for the notice to be valid, the Secured Party must provide the debtor with the name of the individual or entity that has FULL authority, NOT LIMITED PRE-GRANTED AUTHORITY, to 1) NEGOTIATE, 2) AMEND, 3) OR MODIFY the terms of a mortgage instrument. This includes things in the mortgage instrument such as assumption agreements, property transfers, notice clauses etc. No such information was provided to the Plaintiffs making the sales process void.

## DUTY OWED TO DEBTOR WAS BREACHED

18.

The original lender, America's Wholesale Lender advertised and represented that they had lawful money of the United States of America to lend when they negotiated and contracted with the Plaintiff. This language has been discovered to be archaic as it is impossible for defendant to loan lawful

ALL RIGHTS RESERVED

money as authorized under article 1 section 10 of the united States Constitution. The Loan was transferred and assigned to an undisclosed third party note buyer, according to the corporate assignment of Servicing Rights documents on file at the Gwinnett County Courthouse. The note may have been sold to a series of other banks but was apparently sold to an undisclosed third party note buyer soon after the note and deed of trust was received by the original lender.

19.

It appears that BANK OF AMERICA, N.A. claims to be the current holder-in-due-course of the notes, even though no clear assignment is on file granting such status, or they have assigned the notes to another financial institution. The Servicer involved, BANK OF AMERICA, N.A. and governmental entities named in this complaint, and others not named in this complaint, have acted outside the scope of their authority, violated Plaintiff's rights and violated the law by claiming to have standing to foreclose on the note and mortgage in the capacity of Secured Party Creditors. AMERICA'S WHOLESALE LENDER apparently sold the note and the servicing rights to these loans. By this act of selling the note and security deed, the original lender is no longer the holder-in-due course of the note. It is also uncertain, at this time, who is the current holder-in-due-course of the original note. By this

ALL RIGHTS RESERVED

act of selling the note and deed of trust to a mortgage backed security, they are no longer the holder-in-due course of the note.

20.

That pursuant to O.C.G.A. § 11- 3-309 in the event the original Promissory Note allegedly signed by the Plaintiff mortgage loan borrower has been lost, only (1) the person in possession of the instrument and entitled to enforce it when loss of possession occurred; (2) where the loss of possession was not the result of a transfer by the person or a lawful seizure, and (3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process is entitled to enforce the instrument. None of the above facts are present herein so none of these parties can enforce the instrument.

21.

Plaintiff has been denied actual knowledge in violation of state, federal statutes, and FDCPA and RESPA, of the holder of the note at present, and failure to disclose to Plaintiff whether or not AMERICA'S WHOLESALE LENDER has transferred the note to a different division within BANK OF AMERICA, N.A.

ALL RIGHTS RESERVED

22.

The Defendants knowingly, willingly, and wantonly acted in bad faith and with blatant disregard of Plaintiff's property Rights, Federal Law and Georgia Statutes in an attempt to perpetrate a fraud, and wrongfully foreclose upon subject real property and subsequently dispossess Plaintiff illegally and unlawfully from her property.

23.

Defendants have executed a Notice of Default and Notice of Sale under Power, without providing Plaintiff proper Notice as required by Georgia law. Defendants' actions violate Plaintiff's Rights to make requests under The Fair Debt Collection Practices Act.

24.

These Defendants knowingly, willingly, wantonly, fraudulently and illegally continued to pursue the Sale under Power in direct violation of the Fair Debt Collection Practices Act, § 809(b):

> *The Fair Debt Collection Practices Act, § 809(b):*
> *(b) "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the*

ALL RIGHTS RESERVED

*consumer by the debt collector."*

25.

The Defendant has knowingly, willingly, wantonly, fraudulently and illegally sold Plaintiff's property by Sale under Power in direct violation of The Real Estate Settlement Procedures Act.

26.

There has been no further mortgage, security deed, assignment, lien contract, transfer or conveyance recorded for the subject property to Plaintiff's knowledge.

27.

To Plaintiff's knowledge and belief, there is no Note on the Official Record to secure the above referenced Security Deed. The Plaintiff has submitted an Affidavit of Forgery (Exhibit "B") challenging the validity of the Security deed as it is the Plaintiff's sincerest knowledge and belief that Defendant is not a real party in interest and has no standing to foreclose against Plaintiff.

## DEFENDANT'S BREACH HAS CAUSE HARM TO PLAINTIFF

22.

To date, Defendant has knowingly, willingly, and wantonly failed to adhere to the mandates of Federal and state law as AMERICA'S WHOLESALE

ALL RIGHTS RESERVED

LENDER is fraudulently attempting to foreclose on the subject property without any authority to do so. Allowing the Sale under Power to be completed, would not only expose Plaintiff to potentially ruinous financial liability, but would also be a direct violation of The Due Process Clause, and numerous Constitutional guarantees concerning property.

## DAMAGES WERE INCURRED AS A RESULT OF BREACH

### 23.

Plaintiff has suffered mental pain and suffering by Defendant's continued fraudulent pursuit of Plaintiff's real property and request the value of the property plus triple damages and quiet title to Plaintiff's real property.

## MEMORANDUM OF LAW IN SUPPORT OF TRO and/or PRELIMINARY INJUNCTION

### 24.

Plaintiff CHRISTIANNIE NELSON and GREGORY NEAU incorporates fully and by this specific reference the statements in paragraphs 1 through 23 of this Petition/Complaint as if stated fully herein.

> *"A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive, unlike other motions, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." Focus Entertainment International, Inc., v. Partridge Greene, Inc. (253 Ga. App. 121) (558 SE2d 440) (2001).*

### 25.

ALL RIGHTS RESERVED

Foreclosure is one such instance which "injunction is appropriate" because "when an interest in land is threatened with harm", "such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed." See the following:

> "(a) Land, under Georgia law, is deemed sufficiently unique that it is entitled to equitable remedies to protect such interest in land. Rife v. Corbett, 264 Ga. 871 (455 SE2d 581) (1995) (injunction to protect an easement); Benton v. Patel, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987) (injunction to stop foreclosure); Black v. American Vending Co., 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) ("the law regards as sufficiently unique that equity will enforce a contract for [land] sale or lease"); Clark v. Cagle, 141 Ga. 703, 705-706 (1) (82 SE 21) (1914) (specific performance of contract to sell land).    Therefore, when an interest in land is threatened with harm, equitable injunctive relief is appropriate, because such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed. See generally Central of Ga. R. Co. v. Americus Constr. Co., 133 Ga. 392, 398 (65 SE 855) (1909) (irreparable injury defined to enjoin a nuisance); see also Roth v. Connor, 235 Ga. App. 866, 868-869 (1) (510 SE2d 550) (1998) (property interests of grantor and others in restrictive covenants for their benefit)."

26.

Plaintiff has made a showing that without an Emergency Order granting a Temporary Restraining Order or Preliminary Injunction, Plaintiff will be irreparably harmed.  Further, Plaintiff's Petition is Verified, Plaintiff has shown the court, that had he been properly, legally Noticed before foreclosure actions began, he would have taken the proper steps to prevent

ALL RIGHTS RESERVED

such action.

27.

Bank of America, N.A. has shown a practice or pattern of refusing to produce the necessary documents requested in violation of RESPA 2605(e). Additionally, Defendant is currently in the national spotlight in the media regarding improper signing of documents which could potential be the case in this matter as well.

28.

In times such as now, with mortgage fraud at the highest level in history, there has to be some evidence verifying the loan presented to you when requested. Plaintiff has been denied his Rights to notify "the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." O.C.G.A. §9-11-65 allows the Court to grant such Orders without notice to opposition in certain circumstances.

ALL RIGHTS RESERVED

O.C.G.A. §9-11-65

(b) Temporary restraining order; when granted without notice; duration; hearing; application to dissolve or modify.

> "A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if:  (1) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) ... certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required."

29.

Further, because Defendants would be required to set aside all foreclosure proceedings until such time as the debt were validated; and Plaintiff is ignorant of the true identity of the actual holder in due course with Bank of America, N.A. Therefore, allowing the Sale under Power to be completed would expose Plaintiff to potentially ruinous financial liability in the event that the actual holder in due course should one day make a claim upon the Note.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff incorporates fully and by this specific reference the statements in paragraphs 1 through 29 as if stated fully herein.

Plaintiff in this matter would have approached the Defendants in the

ALL RIGHTS RESERVED

proper manner as required by law in a good faith attempt to remedy what could result in the loss of Plaintiff's property through no fault of her own. The Defendants on the other hand, refused to adhere to the mandatory state and federal laws that would have allowed Plaintiff to obtain requested documented evidence of their claims, blatantly showing bad faith, and a healthy lack of respect for the laws of this state.

Plaintiff has shown that Defendants violated Plaintiff's rights under the Fair Debt Collection Practices Act thereby entitling Plaintiff to all appropriate relief provided for by statute.

Plaintiff has shown that Defendants violated Plaintiff's rights under OCGA § 44-14-162. (b)   thereby entitling Plaintiff to all appropriate relief provided for by statute.

Plaintiff has shown that the Defendants violated Plaintiff's rights under RESPA. Plaintiff regrets the emergency nature of this petition and prays the Courts GRANT the following relief:

(a)   GRANT an Emergency Temporary Restraining Order and/or Preliminary Injunction to prevent the sale of Plaintiff's property.

(b)   COMPEL Production of the Original Promissory Note(s).

(c)   COMPEL proof of any assignments, lien or any other instrument that proves any claims by any alleged holders in due course.

ALL RIGHTS RESERVED

(d)   COMPEL validation of the alleged Debt

(e)   COMPEL verification of the loan number and the use of the correct loan

number in any proceeding henceforth.

(f)   COMPEL compliance with OCGA § 44-14-162.(b).

(g)   COMPEL compliance with Plaintiff's continued request for certain

documentation

(h)   GRANT Plaintiff all court costs and court related fees.

(i)   GRANT Plaintiff any and all other and/or further relief allowed by law

and/or which this Court deems just and proper.


Respectfully submitted this _____ day of October, 2011

By: _____

GREGORY NEAU, Propria Persona

2818 Calumet Farm Lane

Snellville, GA 30039


## VERIFICATION

I, Plaintiff   GREGORY NEAU, having been duly sworn, under
penalty of perjury, deposes and says that I am over the age of eighteen (18)

ALL RIGHTS RESERVED

mentally competent to testify in this matter, and from first hand knowledge state:    My person and my property are in danger of immediate and irreparable injury, and loss, or damage will result to the applicant before the adverse party or her attorney can be heard in opposition; and I hereby Certify, that the facts set forth regarding all matters stated in the above paragraphs are true and correct to the best of my knowledge and belief, therefore since this is an Emergency Petition further notice should not be required.    I have read the foregoing pleading, the facts stated therein are from first hand knowledge and are true and correct to the best of my knowledge and belief.

This _____ day of October, 2011

_____

GREGORY NEAL

Subscribed and sworn to before me, this _____ day of October, 2011

Seal

_____

Notary Public
My Commission Expires:    _____

EXHIBIT "B"

PETITION TO SET ASIDE FORCLOSURE AND VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION
Page 21 of  24

ALL RIGHTS RESERVED

## AFFIDAVIT OF FORGERY
## PURSUANT TO O.C.G.A. §44-2-23

I, GREGORY NEAU, being first duly sworn upon oath, do hereby swear and

affirm as follows:

That I have been informed that what purports to be my signature which

appears on the following Deed to Secure Debt and promissory note(s) as the

maker or endorser:

Loan Number# 127309799

Filed in Deed Book 46226, Page 0471, Gwinnett County, Georgia records

DATE ON ITEM- February 24, 2006

AMOUNT- $228,000.00

To the best of my knowledge and belief, that I did not sign the promissory note

or Security Deed as maker or endorser nor did Christiannie Nelson

That the signature that appears on the instrument(s) described above is not my

signature or Christiannie Nelson's to the best of my knowledge and belief, but

is instead a forgery made without my knowledge and approval or hers.

That I nor Christiannie Nelson participated in the negotiation of the

promissory note nor receive the proceeds there from.

ALL RIGHTS RESERVED

The information I have regarding the forgery, how it may have occurred, and who may have participated in the making of the forgery, is unknown to me the affiant at this time.

Further affiant sayeth not.


Signed:_____

GREGORY NEAU

Subscribed and sworn to before me, the undersigned Notary Public, this _____ day of _____, _____.


_____

Notary Public

My commission expires:

_____


*O.C.G.A. 44-2-23*
*A recorded deed shall be admitted in evidence in any court without further proof unless the maker of the deed, one of his heirs, or the opposite party in the action files an affidavit that the deed is a forgery to the best of his knowledge and belief. Upon the filing of the affidavit, the genuineness of the alleged deed shall become an issue to be determined in the action.*

ALL RIGHTS RESERVED

## CERTIFICATE OF SERVICE

The undersigned certifies that on the _____ day of _____, a copy of the foregoing document was mailed to the Registered Agent for the Defendant at the following address.

C T CORPORATION SYSTEM

Office Address: 1201 PEACHTREE STREET, NE

ATLANTA, GA 30361

Agent County: FULTON

Gregory Neau
2818 Calumet Farm Ln.
Snellville, GA. 30039





CT Corporation System
1201 Peachtree Street,
NE. Atlanta, GA. 30361