IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTIANNIE NELSON, et al.,

   Plaintiffs,

     v.

BANK OF AMERICA, N.A.,

   Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-3890-TWT

ORDER

This is a pro se action seeking to set aside a foreclosure sale. It is before the Court on the Defendant's Motion to Dismiss [Doc. 5]. For the reasons set forth below, the Court GRANTS the Defendant's motion.

I. Background

On February 24, 2006, the Plaintiff, Christiannie Nelson, executed a note (the "Note") and security deed (the "Security Deed"). (See Def.'s Mot. to Dismiss, Ex. A.) The Note was secured by real property located at 2818 Calumet Farm Lane, Snellville, Georgia 30039 (the "Property"). At all times relevant to this action, Plaintiff Gregory Neau resided at the Property. The Security Deed lists MERS as the grantee acting as nominee for the lender, America's Wholesale Lender ("AWL"). (Id.) Bank of America, N.A. ("BOA") serviced the loan. Subsequently, MERS transferred the

Security Deed to BAC Home Loans Servicing, LP ("BAC"). The assignment was recorded on June 24, 2009. (See id., Ex. B.) Nelson defaulted on the loan and the Property was sold at a foreclosure sale on September 6, 2011. (See id., Ex. C.)

On October 11, 2011, Nelson and Neau filed this Complaint against BOA[1] to set aside the foreclosure [Doc. 1]. The Plaintiffs allege that the assignment was invalid because MERS did not have authority to transfer the Security Deed. Further, the Plaintiffs contend that they did not receive proper notice of the foreclosure. On November 11, 2011, BOA removed the action to this Court [see id.]. On November 18, 2011, the Defendant filed a Motion to Dismiss [Doc. 5]. The Defendant argues that the Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556

---

[1] BOA is the successor to BAC. On July 1, 2011, BAC merged with and into BOA.

(2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

## III. Discussion

Although the Complaint does not list individual counts, the Plaintiffs generally claim wrongful foreclosure. "[A] plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Brown v. Federal Nat'l Mort. Ass'n, No. 10-CV-03289, 2011 U.S. Dist. LEXIS 31478, at *16 (N.D. Ga. Feb. 28, 2011) (quoting Gregorakos v. Wells Fargo Nat'l Ass'n, 285 Ga. App. 744, 747-48 (2007)). First, the Plaintiffs argue that MERS was not authorized to transfer the Security Deed to BAC. (See Compl. ¶¶ 9-13.) Thus, the Plaintiffs contend, the foreclosure sale was invalid. The Plaintiffs have

offered no authority for the proposition that MERS, as nominee for the lender, cannot transfer the Security Deed. See LaCosta v. McCalla Raymer, LLC, No. 10-CV-1171, 2011 U.S. Dist. LEXIS 5168, at *14-16 (N.D. Ga. Jan. 18, 2011) (dismissing wrongful foreclosure claim where MERS, as nominee for lender, assigned security deed before foreclosure). Indeed, the Security Deed states that:

> [Plaintiff] understands and agrees that MERS holds only legal title to the interests granted by [Plaintiff] in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and lender's successors and assigns), has the right: to exercise any of all of those interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(Def.'s Mot. to Dismiss, Ex. A.) Thus, Nelson explicitly recognized that MERS had authority to exercise the interests granted in the Security Deed, including the authority to assign the Security Deed. See Gordon v. South Cent. Farm Credit, ACA, 213 Ga. App. 816, 817 (1994) ("[I]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies.") (quoting Druid Assoc. v. National Income Realty Trust, 210 Ga. App. 684, 685 (1993)). For this reason, the assignment was valid.

Next, the Plaintiffs contend that they did not receive proper notice of the foreclosure sale. (Compl. ¶ 23.) Specifically, the Plaintiffs argue that only the "Secured Creditor" can give notice under O.C.G.A. § 44-14-162.2. That statute

provides that "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." O.C.G.A. § 44-14-162.2(a). The secured creditor, however, may direct another party to provide notice. See LaCosta, 2011 U.S. Dist. LEXIS 5168, at *9-10 (finding that notice given by loan servicer at direction of secured creditor satisfied O.C.G.A. § 44-14-162.2). Here, the loan servicer, BOA, provided notice of the foreclosure to Nelson. Thus, notice was sufficient under O.C.G.A. § 44-14-162.2.

Also, the Plaintiffs argue that the foreclosure sale was invalid because the Defendant did not possess the Note *and* Security Deed. In Georgia, however, "this 'produce the note' theory has no bite." Graham v. Chase Home Finance & U.S. Bank Mortg., No. 10-CV-2652, 2010 WL 5071592, at *2 (N.D. Ga. Dec. 6, 2010). Indeed, "[t]he court is unaware of any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note." Brown v. Fannie Mae, No. 10-CV-03289, 2011 U.S. Dist. LEXIS 31478, at *18 (N.D. Ga. Feb. 28, 2011); see also LaCosta, 2011 U.S. Dist. LEXIS 5168, at *14-16 (noting that Georgia law does not require "that an entity or individual in possession of the security deed, must also possess the note before bringing a foreclosure action.").

The Plaintiffs next claim that BOA violated the Real Estate Settlement Procedures Act (the "RESPA"), 12 U.S.C. § 2605. (See Compl. ¶¶ 21, 25, & 27.) The Complaint, however, includes no specific factual allegations relating to the RESPA. Rather, the Plaintiffs merely assert that "[the Defendant] has shown a practice or pattern of refusing to produce the necessary documents requested in violation of the RESPA." (Compl. ¶ 27.) The Plaintiffs do not specify what documents they sought from BOA or when they requested those documents. See Twombly, 550 U.S. at 555 (to survive motion to dismiss, complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). For this reason, the Plaintiffs' RESPA claim is dismissed.

Finally, the Plaintiffs argue that the Defendant, acting as a debt collector, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g (the "FDCPA"). (See Compl. ¶¶ 21, 24, & 28.) For purposes of § 1692g(b), however, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." LaCosta, 2011 U.S. Dist. LEXIS 5168, at *18-19 (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)). The Defendant is the loan servicer. Thus, BOA is not a debt collector for purposes of § 1692g(b). Further, "foreclosing on a security

interest is not debt collection activity for purposes of § 1692g." Warren v. Countrywide Home Loans, Inc., 342 Fed. App'x 458, 460 (11th Cir. 2009); see also Ziemba v. American Home Mortg. Servicing, Inc., No. 10-CV-02781, 2011 WL 3420646, at *3 (N.D. Ga. Aug. 4, 2011) (dismissing FDCPA claim based on foreclosure). For these reasons, the Plaintiffs' § 1692g claim is dismissed.

The Defendant has also moved to dismiss the Plaintiffs' claims for a temporary restraining order and preliminary injunction. On December 15, 2011, the Court denied the Plaintiffs' Motion for a Preliminary Injunction and TRO [see Doc. 8]. Thus, the Defendant's motion to dismiss the Plaintiffs' request for injunctive relief is moot.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 5].

SO ORDERED, this 31 day of January, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge